## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNNESSEE

### JACKSON DIVISION

| | | |
|---|---|---|
| COX'S PARADISE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:25-cv-1080 |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| THE CHARTER OAK FIRE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, COX'S PARADISE, LLC (hereinafter "Cox's Paradise" or "Plaintiff"), by and through its undersigned attorneys, and sues Defendant, THE CHARTER OAK FIRE INSURANCE COMPANY (hereinafter "Defendant"), and in support thereof alleges as follows:

### <u>PARTIES</u>

1. At all times material hereto, Plaintiff is a Tennessee corporation with its principal place of business in Tennessee.

2. Defendant is incorporated in Connecticut with its principal place of business in Connecticut. Defendant may be served with process by serving the Department of Commerce or the Secretary of State as provided by §§56-2-504 and 56-2-506 of the Tennessee Code Annotated.

## JURISDICTION AND VENUE

3.     This is an action for damages in excess of $75,000, excluding interest and costs.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is situated in this District.

6.     Plaintiff owns the property located at 185 Hwy 45 West, Humboldt, TN 38343  ("the Property").

## FACTS

7.     In consideration for the premiums paid prior to March 31, 2023, Defendant issued a commercial insurance policy for the Property bearing policy number Y-630-3S771098-COF-22  (hereinafter "the Policy") for the policy period from July 1, 2022 through July 1, 2023 (hereinafter "the Policy Period"). A copy of the Policy is attached hereto and incorporated herein as **Exhibit "A"**.

8.     The Policy reflected the parties' agreement, wherein Defendant agreed to make payment in the event of a covered loss, risk and/or peril, in consideration for the premium paid by Plaintiff.

9.     At all times material hereto, Plaintiff timely paid, and Defendant accepted, consideration in the form of premium payments.

10.     On or about March 31, 2023 (hereinafter "Date of Loss"), a hail storm seriously damaged the Property.

11.     At all times material hereto, Plaintiff owned the Property up to and including

on the Date of Loss.

12.    Plaintiff promptly reported the loss to, and filed a claim with, Defendant.

13.    Defendant acknowledged the claim and assigned claim number FNK8864 (hereinafter "the Claim").

14.    Defendant was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

15.    Defendant inspected the Property in its investigation of the Claim.

16.    Defendant denied coverage for the Claim.

17.    Plaintiff, by and through its agents, submitted to Defendant an independent evaluation of the damages (the "Estimate") which approximated the damages to the Property to be approximately $10,529,718.66. *See* Estimate of Damage, a true and correct copy of which is attached hereto as **Exhibit "B"**.

18.    The Estimate describes repairs, remediation, construction, mitigation, cleaning and/or other services that are necessary to remediate the damage caused and return the Property to its pre-loss condition.

19.    There are no exclusions or other provisions in the Policy which support the position that Defendant is not required to make payment under the Policy.

20.    Defendant was furnished with timely notice of the Claim, proof of loss and a demand for payment, but Defendant has willfully refused, and continues to refuse, to pay all of Plaintiff's Claim.

21.    Section G - LOSS CONDITIONS, Paragraph 2 of the Policy provides either party with the right to demand appraisal:

3

2. **Appraisal**
   If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.

22.    On or about January 3, 2023, Cox's Paradise disputed the amount of the loss by submitting a Sworn Statement in Proof of Loss, a true and correct copy of which is attached hereto as **Exhibit "C"**.

23.    On November 9, 2024, Cox's Paradise submitted its demand for appraisal through its attorney, a true and correct copy of which is attached hereto as **Exhibit "D"**.

24.    The loss occurred during the Policy Period.

25.    All duties after loss under the Policy have been fulfilled.

26.    The loss was not the result of repeated seepage and/or leakage.

27.    The loss was not the result of age-related seam deterioration or prior repairs or degradation.

28.    The loss was not the result of wear, tear, marring and/or deterioration.

29.    The loss was not the result of inherent vice, latent defect, defect or mechanical breakdown.

30.    The loss was not the result of preexisting damage.

31.    The loss was not the result of faulty, inadequate and/or defective planning, zoning, development, surveying, siting, design, specifications, workmanship, repair, maintenance, construction, renovation, remodeling, grading and/or compaction.

32.    Damage from a windstorm is a covered peril.

33.    All conditions precedent to coverage under the Policy have been performed, have occurred, and/or have been waived.

4

34.    Defendant's conduct has caused Plaintiff to retain the services of the law firm of Insurance Litigation Group, P.A. in this action and Plaintiff is obligated to pay a reasonable fee for services rendered.

## COUNT I - BREACH OF CONTRACT

35.    Plaintiff adopts, re-alleges, and incorporates by reference all allegations contained in Paragraphs 1 through 34 as though fully set forth herein.

36.    Plaintiff brings this action for breach of contract.

37.    Upon the issuance of the Policy, Plaintiff and Defendant entered into a valid and enforceable agreement.

38.    At all times pertinent hereto, Plaintiff timely paid, and Defendant accepted consideration in the form of premium payments.

39.    At all times material hereto, up to and including on the Date of Loss, the Policy was in full force and effect.

40.    Defendant breached the Policy by failing to pay the full amount of damages sustained by Plaintiff.

41.    Defendant breached the Policy by failing to properly evaluate Plaintiff's Claim and by failing to pay the full amount of the Claim in accordance with the Policy provisions and applicable laws.

42.    As a direct and proximate cause of said breach, Plaintiff has, and continues to suffer, economic damages in an amount to be determined at trial.

5

## COUNT II – DECLARATORY ACTION
## AND PETITION TO COMPEL APPRAISAL

43.    Plaintiff adopts, re-alleges, and incorporates by reference all allegations contained in Paragraphs 1 through 34 as though fully set forth herein.

44.    This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, which arises out of an existing and actual controversy between Plaintiff and Defendant (collectively, the "Parties") concerning the Parties' rights and obligations under an insurance policy.

45.    Although Plaintiff believes the subject claim is covered under the Policy, Plaintiff is uncertain and in doubt as to the existence or non-existence of her right to appraisal under the Policy.

46.    The purpose of this declaratory action is to obtain a judicial interpretation of the Policy, as it relates to the facts involved herein, determining the existence and extent of Plaintiff's right to appraisal under the Policy. Without a declaration from the court regarding the existence and extent of Plaintiff's right to appraisal under the Policy, Plaintiff is unable to compel appraisal in accordance with the Policy.

47.    The appraisal process is contractually mandated by demand of either party.

48.    Plaintiff has demanded an appraisal pursuant to the terms of the Policy, but Defendant has refused.

49.    Plaintiff is ready to designate her appraiser and proceed with appraisal pursuant to the terms of the Policy.

50.    An actual controversy exists between the parties concerning the right to

payment and the right to appraisal.

51.     This Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as is necessary.

52.     Plaintiff is not seeking mere legal advice from the Court, nor is Plaintiff seeking an answer to questions propounded by mere curiosity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

53.     Enter judgment in Plaintiff's favor and against Defendant for breach of contract;

54.     Enter a declaratory judgment in Plaintiff's favor finding that the matter should be submitted to appraisal;

55.     Enter an Order compelling Defendant to participate in appraisal;

56.     Award Plaintiff compensatory damages in an amount to be determined at trial;

57.     Award Plaintiff pre-judgment and post-judgment interest on any amounts awarded;

58.     Award Plaintiff its attorneys' fees and costs for bringing this action; and

59.     Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Demand is hereby made for trial by jury of all issues so triable, as a matter of right.

DATED this March 20, 2025.

Respectfully submitted,

*/s/ Tania Williams*
Tania Williams, Esq.
Florida Bar No. 599425
**INSURANCE LITIGATION
GROUP, P.A.**
1500 NE 162nd Street
Miami, FL 33162
(786) 529-0090 Office
Facsimile: (866) 239-9520
E-Mail: Twilliams@ilgpa.com
service@ilgpa.com
**Pro Hac Vice Pending**