# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

---

**COX'S PARADISE, LLC**,

      Plaintiffs,

**v.**                                            **No.  1:25-cv-01080-JDB-jay**

**THE CHARTER OAK FIRE**                    JURY DEMANDED
**INSURANCE COMPANY**,

      Defendant.

---

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

Comes now the Cox's Paradise, LLC ("Plaintiff"), by and through undersigned counsel, by and through the undersigned counsel, hereby files their Motion for Summary Judgment against Defendant, The Charter Oak Fire Insurance Company ("Defendant"), that the RCV amount of loss is $9,768,469.15 and the ACV amount of loss is $8,138,136.93 for the subject loss.

## MEMORANDUM OF LAW IN SUPPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I.    STANDARD FOR SUMMARY JUDGMENT

1.    The United States Supreme Court has addressed the standard for summary judgment as set forth in Federal Rule of Civil Procedure 56(c), as follows:

[A] party seeking summary judgment always bears the initial responsibility of informing the district court of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

2.      After the moving party has met this initial burden, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, (1986).  Fed. R. Civ. P. 56(e), however, does not permit the nonmoving party to avoid summary judgment by resting on the pleadings, but "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.  The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant on a material fact. *Anderson*, 477 U.S. at 251-52.

## II.    THE RCV AMOUNT OF LOSS IS $9,768,469.15 AND THE ACV AMOUNT OF LOSS IS $8,138,136.93 FOR THE SUBJECT LOSS.

3.      Here, fully denied coverage for the claim.

4.      If coverage is established, then there is no genuine dispute of fact that the RCV amount of loss is $9,768,469.15 and the ACV amount of loss is

$8,138,136.93 for the subject loss. *See Estimate attached as an exhibit to Affidavit of David Herring.*

5.     There are no estimates from experts retained on behalf of Defendant disputing the amount of loss.

## CONCLUSION

14.     Thus, the RCV amount of loss is $9,768,469.15 and the ACV amount of loss is $8,138,136.93 for the subject loss.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion finding that the RCV amount of loss is $9,768,469.15 and the ACV amount of loss is $8,138,136.93 for the subject loss, and grant any other relief that is just and proper.

Respectfully submitted,

By: /s/ Michael Katz
Michael Katz, Esq.
FL Bar No. 1024707
INSURANCE LITIGATION GROUP, P.A.
*Attorney for Plaintiff*
1500 NE 162nd Street
North Miami Beach, FL 33162
Telephone: (786) 529-0090
Facsimile: 866-239-9520
E-Mail:mkatz@ilgpa.com,
service@ilgpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June 2026, the foregoing document is being served this day on all counsel of record: Matthew S. Ponzi, Esq., and Reagan N. Brock, Esq., of Foran Glennon Palandech Ponzi & Rudolff PC, at mponzi@fgppr.com and rbrock@fgppr.com via electronic service and/or electronic mail.

/s/ Michael Katz
Michael Katz, Esq.